UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM D. BROWN, JR.,** | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| | ) Judge |
| Blue Island Police Officer F. NAVARRO (Star # 163), Blue Island Police Officer J. MURRAY, Blue Island Police Officer DELGADILLO, Blue Island Police Officer K. SISK, and CITY OF BLUE ISLAND, ILLINOIS, | ) Magistrate Judge ) ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) |

## CIVIL RIGHTS COMPLAINT

Plaintiff, WILLIAM D. BROWN, JR., by and through his attorney, Irene K. Dymkar, and complaining against defendants, Officer F. NAVARRO (Star # 163), Officer J. MURRAY, Officer DELGADILLO, Officer K. SISK, and CITY OF BLUE ISLAND, ILLINOIS, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5.     At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6.     At all times herein mentioned, defendants Officer F. NAVARRO (Star # 163) (hereinafter NAVARRO), Officer J. MURRAY (hereinafter MURRAY), Officer DELGADILLO (hereinafter DELGADILLO), and Officer K. SISK (hereinafter SISK) were officers employed by the Blue Island Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF BLUE ISLAND, ILLINOIS (hereinafter CITY OF BLUE ISLAND).  They are being sued in their individual capacity.

7.     Defendant CITY OF BLUE ISLAND is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF BLUE ISLAND maintained, managed, and/or operated the Blue Island Police Department.

## STATEMENT OF FACTS

8.     On June 24, 2007, at approximately 10:30 PM, plaintiff, WILLIAM D. BROWN, JR., was lawfully in a White Castle Restaurant at 12709 S. Western, in Blue Island, Illinois, and was engaged in lawful conduct.

9.     Plaintiff's brother was discussing with the manager of White Castle a problem he had with service at the service window, when defendant police officers NAVARRO, MURRAY, and DELGADILLO arrived.

10.     The restaurant manager wanted to resolve the matter by giving plaintiff's brother his food, but plaintiff's brother wanted to discuss the situation further.

11.     One of the officers, believed to be defendant MURRAY, asked plaintiff for identification and held onto the identification produced.

12.     Plaintiff was asked to leave by the officer believed to be defendant NAVARRO.  Plaintiff said he wanted his identification back and also told the officer that his

brother and he had arrived in the same car, so he needed to know what was happening to his brother.

13. Defendant NAVARRO became angry at plaintiff and shot him with a taser gun. No other officer intervened to help plaintiff.

14. Plaintiff lost consciousness and fell forward, fracturing his left ankle.

15. Defendants NAVARRO, MURRAY, DELGADILLO, and SISK caused false charges of obstructing a peace officer (two counts) and resisting arrest to be filed against plaintiff. Defendant SISK was the supervising officer who approved the arrest and prosecution of plaintiff. Plaintiff was booked, processed, and charged with said false charges, and was wrongfully incarcerated.

16. Plaintiff underwent surgery for his fractured ankle and thereafter underwent another surgery to remove the hardware. Plaintiff suffered lost wages for several weeks of missed work.

17. Plaintiff retained the services of a criminal defense attorney. The criminal charges against plaintiff were stricken on leave to re-file and were never re-instituted by the Cook County State's Attorney, thus resulting in a favorable termination of said charges against plaintiff.

18. By reason of the above-described acts and omissions of the defendants NAVARRO, MURRAY, DELGADILLO, and SISK, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

19. The aforementioned acts of defendants NAVARRO, MURRAY, DELGADILLO, and SISK were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

20. By reason of the above-described acts and omissions of the individual defendants, plaintiff were required to retain an attorney to institute, prosecute and render legal

assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
### Plaintiff, WILLIAM D. BROWN, JR., Against Defendants NAVARRO, MURRAY, DELGADILLO, and SISK for False Arrest

21. Plaintiff, WILLIAM D. BROWN, JR., incorporates and realleges paragraphs 1 – 20, as though set forth herein in their entirety.

22. The seizure and arrest of plaintiff, WILLIAM D. BROWN, JR., were without probable cause and unreasonable.

23. By reason of the conduct of the individual defendants, plaintiff, WILLIAM D. BROWN, JR., was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants NAVARRO, MURRAY, DELGADILLO, and SISK, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT II
### Plaintiff, WILLIAM D. BROWN, JR., Against Defendant NAVARRO for Excessive Force

24. Plaintiff, WILLIAM D. BROWN, JR., incorporates and realleges paragraphs 1 – 20, as though set forth herein in their entirety.

25. The force used by defendant NAVARRO was excessive, unnecessary, unreasonable, and without legal cause.

26. By reason of the conduct of defendant NAVARRO, plaintiff, WILLIAM D. BROWN, JR., was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant NAVARRO is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
**Plaintiff, WILLIAM D. BROWN, JR., Against Defendants MURRAY and DELGADILLO for Failure to Intervene**

30. Plaintiff, WILLIAM D. BROWN, JR., incorporates and realleges paragraphs 1 – 20, as though set forth herein in their entirety.

31. Defendants MURRAY and DELGADILLO had reason to know that plaintiff was arrested, subjected to excessive force, and charged falsely, unjustifiably and without legal cause.

32. Said defendants had a reasonable opportunity to prevent said arrest, excessive force, and charging from occurring, but did not do so.

33. By reason of the conduct of defendants, plaintiff, WILLIAM D. BROWN, JR., was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MURRAY and DELGADILLO, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
**Plaintiff, WILLIAM D. BROWN, JR., Against Defendants NAVARRO, MURRAY, DELGADILLO, SISK and CITY OF BLUE ISLAND for Malicious Prosecution**

34. Plaintiff, WILLIAM D. BROWN, JR., incorporates and realleges paragraphs 1 – 20, as though set forth herein in their entirety.

35. Defendants NAVARRO, MURRAY, DELGADILLO, and SISK maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

36. Defendants NAVARRO, MURRAY, DELGADILLO, and SISK facilitated this malicious prosecution by failure to investigate, falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony and information under oath.

37. Plaintiff was wrongfully incarcerated, and then wrongfully prosecuted until the charges were stricken on leave and the Cook County State's Attorney failed to reinstate the charges.

38. Plaintiff lost time making several court appearances and had to retain an attorney to represent him in his defense of the criminal charges. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

39. Defendants NAVARRO, MURRAY, DELGADILLO, and SISK, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

40. Defendant CITY OF BLUE ISLAND is liable pursuant to the doctrine of *respondeat superior.*

## COUNT V
### Plaintiff Against Defendant CITY OF BLUE ISLAND for Indemnification (735 ILCS 10/9-102)

41. Plaintiff, WILLIAM D. BROWN, JR., incorporates and realleges paragraphs 1 – 20, as though set forth herein in their entirety.

42. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

43. Defendants NAVARRO, MURRAY, DELGADILLO, and SISK were employees of the CITY OF BLUE ISLAND and acted within the scope of their employment in committing the misconduct described herein.

44. Defendant CITY OF BLUE ISLAND is thus liable under the theory of indemnification.

WHEREFORE, plaintiff, WILLIAM D. BROWN, JR., by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants NAVARRO, MURRAY, DELGADILLO, SISK, and CITY OF BLUE ISLAND on each and every claim:

    A.    That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B.    That defendants be required to pay plaintiff special damages,

    C.    That defendants, except CITY OF BLUE ISLAND, be required to pay the plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D.    That defendants, except CITY OF BLUE ISLAND, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E.    That defendants be required to pay plaintiff costs of the suit herein incurred, and

    F.    That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: June 24, 2009                  /s /    Irene K. Dymkar
                                                                  Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123