**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM D. BROWN, JR.,** | ) | |
| | ) | **No. 09 C 3814** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Judge John J. Tharp** |
| | ) | |
| **Blue Island Police Officer F.** | ) | |
| **NAVARRO (Star #163), Blue Island** | ) | |
| **Police Officer J. MURRAY, Blue** | ) | |
| **Island Police Officer DELGADILLO,** | ) | |
| **Blue Island Police Officer K. SISK, and** | ) | |
| **CITY OF BLUE ISLAND ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William D. Brown moves the Court to reconsider Judge Kendall's rulings of March 30, 2012 and June 4, 2012, which resulted in the denial of Brown's purported motion for summary judgment. Brown claims that the previous orders were based on a misapprehension of the law, and that the Seventh Circuit's decision in *Phillips v. Community Ins. Corp.*, 678 F.3d 513 (7th Cir. 2012)[1] requires that summary judgment be entered in his favor.

**FACTS**

Brown brought a five-count complaint against four Blue Island, Illinois police officers and the City of Blue Island alleging (1) false arrest, (2) excessive force, (3) failure to

---

[1] Brown does not explain why *Phillips* entitles him to reconsideration. In *Phillips*, the Seventh Circuit held that the force employed (shooting the suspect three times with a baton launcher, which caused serious injury) was unreasonable where the suspect was drunk, unresponsive, and unwilling or unable to comply with a police order to step out of the car. 678 F.3d at 526. *Phillips* did not change the test for reasonable force, but is merely an example of a court weighing the amount of force officers used against the necessity of that force in a particular situation.

intervene, (4) malicious prosecution, and (5) indemnification. The complaint alleges, in essence, that three of the individual defendants unlawfully arrested Brown without probable cause and used a taser on him without justification, and that these actions caused him injury including a fractured ankle. At the close of discovery, the defendants moved for summary judgment on Brown's claims, and in support of their motion they filed a statement of material facts in compliance with Local Rule 56.1. Doc. 76. The defendants' statement of facts included a description of the parties and facts supporting the Court's venue and jurisdiction, as required by L.R. Rule 56.1(a)(3)(A) & (B). Doc. 76 at ¶¶ 1-6. The statement also included facts indicating that Brown obstructed and interfered with the police officers' investigation, and that Brown subsequently resisted arrest, and the officers used the taser to subdue him.

Brown, who did not at that time file his own motion for summary judgment, disputed most of the defendants' statement of facts. Doc. 95. He also filed his own statement of additional material facts ("Additional Facts") which indicated that he did not obstruct or interfere with the police officers' investigation, and that he did not resist arrest or do anything at all to justify the officers' use of the taser. Doc. 96. The defendants did not respond to Brown's Additional Facts.

Based on the defendants' failure to respond to the Additional Facts, Brown moved for "summary denial of defendants' motion for summary judgment and summary granting of summary judgment to plaintiff." Doc. 101. Brown argued that the Additional Facts were deemed admitted because the defendants did not deny them, and that those facts entitled him to summary judgment. Brown did not file a supporting memorandum

of law or a statement of facts corresponding to his motion, but instead only attached the Additional Facts as an exhibit.

Judge Kendall denied Brown's motion (along with a motion to strike that Brown also filed), stating that "[t]he Court is well aware of the rule pertaining to the grant or denial of summary judgment and neither motion seeks relief other than the appropriate application of those rules to [defendants'] pending fully briefed motion for . . . summary judgment. . . . No further briefing is permitted." Doc. 105. Judge Kendall later denied the defendants' motion for summary judgment except as to Officer Sisk,[2] largely on the basis that the defendants' failure to respond to the Additional Facts rendered those facts admitted for the purposes of the defendants' summary judgment motion. Doc. 108. She did not expressly mention Brown's motion for summary judgment in her opinion.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). With regard to "manifest error," the Seventh Circuit has explained that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *see also Mitchell v. JCG Indus.*, 842 F. Supp. 2d 1080, 1082 (N.D. Ill. 2012).

---

[2] Officer Sisk was unaffected by the Additional Facts.

Brown alleges that Judge Kendall misapprehended the effect of the defendants' failure to respond to the Additional Facts, arguing that if those facts are deemed admitted then there was no probable cause for plaintiff's arrest, no amount of force was reasonable, the defendants failed to prevent the use of force, and therefore Brown is entitled to summary judgment.

Judge Kendall apparently interpreted Brown's motion merely as a "motion to deny" the defendants' summary judgment motion, not as an affirmative motion for summary judgment on behalf of Brown.  Her order states that Brown's motion does nothing more than seek the application of the local rules to the defendants' motion for summary judgment.  Doc. 105.  Though Brown requested that the Court enter summary judgment in his favor, he submitted as argument in support of his motion only two paragraphs totaling twelve lines.  Doc. 101 at ¶¶ 12-13.  Brown's motion was not in compliance with Rule 56.1, and so Judge Kendall's decision not to treat it as a legitimate motion for summary judgment was appropriate.

When filing a motion for summary judgment, a party must comply with the requirements of Rule 56.1.  *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) ("We have also repeatedly held that a district court is entitled to expect strict compliance with rule 56.1.").  Brown did not even attempt to comply with the rule. He did not file a supporting memorandum of law, as required by Rule 56.1(a)(2).  He did not file a statement of material facts as required by Rule 56.1(a)(3), and the Additional Facts cannot constitute his statement of material facts because they do not contain a description of the parties or facts supporting the venue and jurisdiction of this Court. Rule 56.1(a)(3)(A)&(B).  Therefore, to the extent that Brown's motion was intended to

4

be an affirmative motion for summary judgment, it was plainly not a manifest error of law to deny it. If Brown believed that the defendants' failure to respond to the Material Facts entitled him to summary judgment, he should have filed a motion for summary judgment in compliance with Rule 56.1 instead of tacking a request for summary judgment onto the end of a motion asking for denial of *defendants'* summary judgment motion.[3]

And even if Brown had filed a proper motion for summary judgment—which he did not—he could not have used the defendants' failure to respond to the Additional Facts to support his affirmative motion. Rule 56(e)(2) and Seventh Circuit case law plainly provide that when a party fails to respond to a Rule 56.1 statement of facts, "those facts shall be deemed admitted *for purposes of the motion*." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (emphasis added); *see also Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion."). Judge Kendall properly gave

---

[3] Besides Brown's failure to follow Rule 56.1, Brown also failed to properly present an argument for summary judgment. "[A] nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not, of course, automatically result in judgment for the movant." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). To be entitled to summary judgment, Brown should have described the necessary elements for each of his claims, and explained how the Additional Facts or other evidence in the record established each of those elements. He failed to make any attempt to establish the elements of his claim, instead baldly stating that "the Court *must* grant summary judgment on those claims if the facts in plaintiff's statement of additional facts . . . are deemed admitted." Doc. 101 at 6 (emphasis in original). The Court has no obligation, however, to render a summary judgment *sua sponte*, and motions under Rule 56 are not granted by default. *Nabozny v. Podlesny*, 92 F.3d 446, 457 n. 9 (7th Cir. 1996) (even where a party fails to respond, the district court must still review the uncontroverted facts and determine whether summary judgment is appropriate); *Campbell v. Coca-Cola Enter., Inc.*, No. 11 C 1674, 2012 WL 1158746, *3 (N.D. Ill. Apr. 4, 2012) ("summary judgment ordinarily cannot be granted by default").

Brown the benefit of the uncontroverted Additional Facts by denying (for the most part) the defendants' summary judgment motion, but what Brown now seeks is to have those facts deemed admitted for purposes of his own summary judgment motion, one that had not even been filed at the time the defendants failed to respond to the Additional Facts. But nothing in Rule 56 or Local Rule 56.1 provides that facts deemed admitted for purposes of evaluating a pending summary judgment motion are also deemed admitted for *other* purposes, such as another party's later motion for summary judgment, or trial. *See, e.g.. Williams v. Derifield*, No. 04 C 5633, 2006 WL 1120490, *1 (N.D. Ill. Apr. 25, 2006) (rejecting request to consider facts admitted under Rule 56.1 to be admitted at trial); *Chen v. Mayflower Transit, Inc.*, No. 99 C 6261, 2004 WL 2535258, at *2-3 (N.D. Ill. Sep. 23, 2004) (same).

And Brown is wrong to argue that the defendants' failure to respond renders the Additional Facts "judicial admissions" that bind the defendants for all purposes (not just for purposes of the motion to which they related). Only when a party makes an admission in a pleading, an admission in answer to a request for admission, or a stipulation, does it make a judicial admission that can determine the outcome of the lawsuit. *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996); *Keller v. United States*, 58 F.3d 1194, 1199 n. 8 (7th Cir. 1995). The defendants' failure to respond to the Additional Facts "is not an admission in a pleading." *TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes, P.C.*, No. 00 C 2737, 2002 WL 31870528, *5 (N.D. Ill. Dec. 20, 2002) (citing Fed. R. Civ. P. 7(a) (defining pleading)). Brown concedes as much, arguing only that the Admitted facts are "similar to" judicial admissions. Brown has not cited, and the Court has not found, any authority holding that a moving party's

failure to respond to a statement of additional facts forever bars that party from disputing those facts in response to its opponent's later motion for summary judgment.[4]  To so hold would contravene the express provision in Rule 56(e) permitting the use of a fact deemed admitted only "for purposes of the motion."

The Court concludes that Judge Kendall did not make a manifest error of law in summarily denying Brown's summary judgment motion—if it can even be said that he filed one.  What is more, it would be utterly inconsistent for this Court to hold the defendants to the consequences of their failure to respond to Brown's Additional Facts (as Judge Kendall did in denying the defendants' summary judgment motion) but yet to relieve Brown of his own failure to comply with Rule 56.1's requirements for filing a motion for summary judgment, particularly where his affirmative evidence consists solely of facts that were not admitted for purposes other than adjudicating the *defendants'* motion.  Accordingly, Brown's motion for reconsideration is denied.

Date: September 11, 2012

_____
John J. Tharp, Jr.
United States District Judge

---

[4]  It would be particularly inappropriate to treat facts deemed admitted in the context of a summary judgment motion as binding in contexts outside of that motion when, as here, the party submitted its own statement of facts that actually contradicts many, if not all, of the additional facts.